8/31/2021 3:45 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 56837664
By: Cynthia Clausell-McGowan
Filed: 8/31/2021 3:45 PM

## 2021-55436 / Court: 269

NO. _____

| | |
|---|---|
| CHRISTOPHER GONZALEZ, SR. INDIVIDUALLY AND A/N/F OF C.G. and AG, and VIRGINIA CABALLERO **Plaintiff,** | § § § § IN THE DISTRICT COURT |
| **V.** | § § _____ JUDICIAL DISTRICT § |
| RYAN BROUSSARD and JWD DIRECTIONAL, INC. **Defendant.** | § § § OF HARRIS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

#### TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES CHRISTOPHER GONZALEZ, SR. INDIVIDUALLY AND A/N/F OF C.G. and A.G., and VIRGINIA CABALLERO, hereinafter called Plaintiffs, complaining of and about RYAN BROUSSARD and JWD DIRECTIONAL, INC. hereinafter called Defendants, and for cause of action shows unto the Court the following:

#### DISCOVERY CONTROL PLAN LEVEL

1.    Plaintiff intends that discovery be conducted under Discovery Level 3.

#### PARTIES AND SERVICE

2.    Plaintiffs, CHRISTOPHER GONZALEZ, SR. INDIVIDUALLY AND A/N/F OF C.G. and A.G., and VIRGINIA CABALLERO are residents of Harris County, Texas.

3.    Defendant RYAN BROUSSARD is an Individual who is a resident of Louisiana, and may be served with process at the following address: 12518 Hwy 99., Welsh, LA 70591. Service of said Defendant as described above can be effected by personal delivery. Defendant JWD DIRECTIONAL, INC., is a foreign Corporation doing business in Texas, and may be served with process through its president, Christopher K. Conner at 105 W. South St., Welsh, LA

70591.

## JURISDICTION AND VENUE

4.      The subject matter in controversy is within the jurisdictional limits of this court.

5.      Plaintiff seeks:

        a.      monetary relief over $1,000,000.00, including damages of any kind,

penalties, costs, expenses, pre-judgment interest.

6.      This court has jurisdiction over the parties because Defendant Ryan Broussard has

had sufficient contacts with Texas through his employment and JWD Directional, Inc. is a

corporation doing business in the State of Texas for the purpose of accumulating profits and have

substantial contacts within the state.

7.      Venue in Harris County is proper in this cause under Section 15 of the Texas

Civil Practice and Remedies Code because this is the county where the accident made the basis

of this lawsuit occurred.

## FACTS

8.      On or about April 8, 2020, Plaintiff Christopher Gonzalez, Sr. was operating a

vehicle with Plaintiffs Virginia Caballero, Christopher Gonzalez, Jr., and Ariana Gonzalez as

passengers at the intersection of the North Loop Service Road and North Durham. While driving

his vehicle, Plaintiff's vehicle was struck in the front by a vehicle operated by, upon information

and belief, Defendant Ryan Broussard. Upon information and belief, Defendant JWD

Directional, Inc. owned the vehicle at the time of the accident. Defendant JWD Directional, Inc.

entrusted their vehicle to Defendant Ryan Broussard for the purpose of operating it on the public

streets and highways of Texas. Thereafter, Defendant Ryan Broussard, while in the course and

scope of employment for Defendant JWD Directional, Inc. and with their knowledge, consent

and permission, failed to operate the vehicle in an ordinary and prudent manner by failing to control his speed running a red light and striking Plaintiffs' vehicle. The result of this failure was a collision with the front end of Plaintiffs' vehicle. Defendant's failure to exercise reasonable care was the sole proximate cause of the collision. The collision proximately caused Plaintiffs to suffer bodily injuries necessitating reasonable and necessary medical treatment.

## PLAINTIFFS'
## CLAIM OF NEGLIGENCE AGAINST DEFENDANTS

9.      Defendants had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

10.      Plaintiff's injuries were proximately caused by Defendants' negligent, careless and reckless disregard of said duty.

11.      The negligent, careless and reckless disregard of duty of Defendants consisted of, but is not limited to, the following acts and omissions:

A.      In that Defendant Ryan Broussard failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

B.      In that Defendant Ryan Broussard failed to maintain the speed of the motor vehicle to avoid a collision with the vehicle driven by Plaintiff;

C.      In that Defendant Ryan Broussard failed to operate the motor vehicle in a safe manner as that of a person of ordinary prudence under the same or similar circumstances;

D.      In that Defendant Ryan Broussard failed to yield the right of way to Plaintiffs;

E.      In that the Defendant Ryan Broussard ran a red light and caused the collision with Plaintiffs' vehicle;

F.      In that Defendant Ryan Broussard caused the accident during the course and scope of employment for Defendant JWD Directional, Inc.;

G.      In that Defendant JWD Directional, Inc.is vicariously liable for Defendant

Ryan Broussard's negligence committed during the course and scope of his employment;

H.  In that Defendant JWD Directional, Inc. entrusted the vehicle to a reckless or incompetent driver;

I.  In that Defendant Ryan Broussard was the agent, servant, and employee of Defendant JWD Directional, Inc. was acting within the course and scope of such employment at the time of the accident; and

J.  In that Defendant ran a red light.

## DAMAGES FOR PLAINTIFFS

12.  As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs were caused to suffer injuries to their bodies, and to incur the following damages:

A.  Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiffs for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in the area rendered;

B.  Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C.  Physical pain and suffering in the past;

D.  Physical pain and suffering in the future;

E.  Physical impairment in the past;

F.  Physical impairment which, in all reasonable probability, will be suffered in the future;

G.  Mental anguish in the past;

H.  Mental anguish in the future; and

I.  Physical disfigurement in the past, and in all reasonable probability, will be suffered in the future;

## REQUEST FOR DISCLOSURE

Under Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request that Defendants RYAN BROUSSARD and JWD DIRECTIONAL, INC. disclose, within fifty (50) days of service of this request, the information and material described in 194.2.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

SIGNED THE 31ST DAY OF AUGUST, 2021

Respectfully submitted,

CHRISTOPHER J. DAVILA
ATTORNEY AT LAW
STATE BAR NO. 24095459
6611 North Main St.
Houston, Texas 77009
Telephone: (713) 868-9103
Facsimile: (713) 868-9122
cdavila@thedavilalawfirm.com

AND

JESÚS G. DAVILA
ATTORNEY AT LAW
STATE BAR NO. 05455270
6611 North Main St.
Houston, Texas 77009
Telephone: (713) 868-9103
Facsimile: (713) 868-9122
jdavila@thedavilalawfirm.com
ATTORNEYS FOR PLAINTIFFS